UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

JAY FORESTER,

Plaintiff

v.

ADP TOTALSOURCE, INC.,

Defendant

Civil Action No. _____

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1441 and 1446, Defendant ADP TotalSource, Inc. ("Defendant"), by and through its attorneys, JACKSON LEWIS P.C., hereby removes this action from the Superior Court of the State of New Hampshire, Belknap County, to the United States District Court for the District of New Hampshire. In support of this Notice of Removal, Defendant states as follows:

1. By Petition for Declaratory Judgment ("Complaint") dated and filed on August 23, 2022, in the Belknap County Superior Court Docket No. 211-2022-cv-00157, Plaintiff Jay Forester ("Plaintiff") instituted a claim against Defendant.

2. In accordance with 28 U.S.C. § 1446(a), true and correct copies of the process, pleadings, documents, and orders which have been served upon Defendant are attached hereto as **Exhibit A**. Certified copies of the same will be forwarded upon receipt of same from the Belknap County Superior Court.

3. Pursuant to 28 U.S.C. § 1446(a), this notice of removal is timely filed within thirty (30) days of October 7, 2022, the date on which Defendant received the Complaint and Summons and notice of service on the Secretary of State. Plaintiff appears to have initiated service on

Defendant pursuant to RSA 510:4 by leaving at the office of David Scanlan, the Secretary of State of New Hampshire, a copy of the Summons and Complaint on September 13, 2022. In accordance with RSA 510:4 II, Plaintiff then sent a notice thereof and a copy of the process to Defendant via registered mail on October 5, 2022, which was received on October 7, 2022. The 30-day removal period did not begin to run until Defendant received formal notice of service on the Secretary of State. *See Estes v. ECMC Grp., Inc.*, Civil No. 19-cv-822-LM, 2019 U.S. Dist. LEXIS 175115 *20, 2019 DNH 179, 2019 WL 5064645 (D.N.H. Oct. 9, 2019)(McCafferty, J.) ("[Defendant] has carried its burden to show that it filed its notice of removal within 30 days of the date it received notice that plaintiffs had served the Secretary of State"); *Optical Sols., Inc. v. Nanometrics, Inc.*, Civil No. 17-cv-429-JL, 2018 U.S. Dist. LEXIS 38758 *7; 2018 DNH 029 (D.N.H. Feb. 8, 2018)(Laplante, J.) ("the court finds that [Defendant's] time to remove did not begin to run until it received formal notice of service on the Secretary of State, which the parties agree occurred on August 18, 2017.")

4. Defendant has not served any answer or responsive pleading to the Complaint, nor made any appearance or argument before the state court.

5. Removal is proper under 28 U.S.C. §1441(a) because the United States District Court for the District of New Hampshire has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 in that Plaintiff has alleged causes of action arising under federal law, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.

6. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee "welfare benefit plan" or an employee "pension benefit plan." 29 U.S.C. §1002(3). A

plan is a welfare benefit plan if it "was *established or is maintained* for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits…." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

7. "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). "[T]he ERISA civil enforcement mechanism is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id*. (citation and internal quotation marks omitted).

8. In his Complaint, Plaintiff asserts that Defendant issued a health insurance policy to his former employer, thereby providing employer sponsored group health coverage, and that he participated in that policy through COBRA. Plaintiff asserts the health insurance policy covers the medical charges arising from his February 1, 2021 surgery and seeks an order compelling Defendant to pay the medical and surgical benefits allegedly guaranteed under the policy.

9. Moreover, the "carefully integrated civil enforcement provisions" of § 502 of ERISA are "intended to be exclusive." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987) (internal quotations omitted). Accordingly, the United States Supreme Court has instructed that ***all*** state law claims related to benefits under the terms of an ERISA plan ***must*** be recharacterized as claims under § 502(a) of ERISA, and that such claims give rise to removal jurisdiction. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (preemptive force of ERISA operates to convert ordinary state law claims into federal claims); *Wood v. Prudential Ins. Co. of Am.*, 207 F.3d 674,

676-79 (3d Cir. 2000) (complete preemption does not depend on type of relief requested in the complaint), *cert. denied*, 531 U.S. 927 (2000).

10. Notwithstanding Plaintiff's characterization of his claims in the Complaint, Plaintiff's claims arise under ERISA. In his Complaint, Plaintiff alleges he is entitled to surgical and medical insurance coverage benefits under the health insurance policy, which is subject to ERISA. 29 U.S.C. § 1002.

11. Accordingly, it is plain Plaintiff's claims for medical and surgical benefits are subject to ERISA and that, accordingly, this matter is removable to this Court under the Court's federal question jurisdiction. *Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005) ("The doctrine of complete preemption thus prevents plaintiffs from defeating removal by omitting to plead necessary federal questions.") (citation omitted); *see also Simmons v. Serv. Credit Union*, Case No. 17-cv-159-PB, 2018 U.S. Dist. LEXIS 39693, 2018 DNH 048 (D.N.H. Mar. 12, 2018)(Barbadoro, J.) (denying motion to remand because plaintiff's declaratory judgment claim for medical coverage benefits under agreement for post-retirement medical was completely preempted by ERISA).

12. To the extent any of Plaintiff's claims do not relate to an employee benefit plan covered by ERISA, this Court nevertheless has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §§ 1367 and 1441(c).

13. Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

14. As this action could have been commenced in this Court, removal is proper. 28 U.S.C. §1441(a). Furthermore, this Court may exercise supplemental jurisdiction over the Plaintiff's state law claims. *See* 28 U.S.C. §1367(a).

Respectfully Submitted,

ADP TotalSource, Inc.,

By its attorneys,

JACKSON LEWIS P.C.,

Date: November 4, 2022 By: /s/ Kevin M. Sibbernsen

Kevin M. Sibbernsen, NHBA #271738
100 International Drive, Suite 363
Portsmouth, NH 03801
603.559.2700
kevin.sibbernsen@jacksonlewis.com

Certificate of Service

I hereby certify that the foregoing was this day served via Conventional Filing on:

Abigail Albee, Clerk
Belknap County Superior Court
64 Court Street
Laconia, NH 03246

Brad Davis, Esq.
Davis Hunt Law, PLLC
780 Central Street
Unit A
Franklin, NH 03235
603.671.5911

Date: November 4, 2022 By: /s/ Kevin M. Sibbernsen
Kevin M. Sibbernsen

4872-7476-7676, v. 2

# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
10/07/2022
CT Log Number 542446647

## Service of Process Transmittal Summary

**TO:** SANDRA GRISALES
Automatic Data Processing, Inc.
10200 SW 72ND ST
MIAMI, FL 33173-3033

**RE:** **Process Served in Massachusetts**

**FOR:** ADP TOTALSOURCE, INC. (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JAY FORESTER vs. ADP TOTALSOURCE, INC. |
| **DOCUMENT(S) SERVED:** | Summons, Notice, Petition, letter, Affidavit |
| **COURT/AGENCY:** | Belknap Superior Court, NH<br>Case # 2112022CV00157 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Boston, MA |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 10/07/2022 postmarked on 10/05/2022 |
| **JURISDICTION SERVED:** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Brad Davis<br>Davis I Hunt Law, PLLC<br>780 Central Street<br>Franklin, NH 03235<br>(603)671-5911 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/07/2022, Expected Purge Date: 10/12/2022<br><br>Image SOP<br><br>Email Notification, TotalSource Subpoena Mailbox totalsource.subpoenas@adp.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>155 Federal Street<br>Suite 700<br>Boston, MA 02110<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the





included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Davis Hunt Law, PLLC
780 Central Street
Franklin, NH 03235

CERTIFIED MAIL










U.S. POSTAGE PAID
FCM LETTER
FRANKLIN, NH
03235
OCT 05, 22
AMOUNT
**$8.09**
R2305K135514-06

**RETURN RECEIPT REQUESTED**

CT Corporation System
155 Federal Street, Suite 700
Boston, MA 02110

0211031727 C015

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Belknap Superior Court
64 Court St.
Laconia NH 03246

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION




Case Name: **Jay Forester v ADP TotalSource, Inc.**
Case Number: **211-2022-CV-00157**

Date Complaint Filed: August 23, 2022

A Complaint has been filed against ADP TotalSource, Inc. in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| October 14, 2022 | Jay Forester shall have this Summons and the attached Complaint served upon ADP TotalSource, Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| November 04, 2022 | Jay Forester shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | ADP TotalSource, Inc. must electronically file an Appearance and Answer or other responsive pleading form with this Court. A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to ADP TotalSource, Inc.:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

| | |
|---|---|
| Brad C. Davis, ESQ | Davis/Hunt Law PLLC 780 Central St Unit A Franklin NH 03235 |
| ADP TotalSource, Inc. | 501 Boylston Street Boston MA 02116 |

BY ORDER OF THE COURT

August 30, 2022

Abigail Albee
Clerk of Court

(126564)



This is a Service Document For Case: 211-2022-CV-00157
Belknap Superior Court

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Belknap Superior Court
64 Court St.
Laconia NH 03246

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name: **Jay Forester v ADP TotalSource, Inc.**
Case Number: **211-2022-CV-00157**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Belknap Superior Court.** Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer. For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps. If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process. Click Register and follow the prompts.
2. After you register, click Start Now. Select **Belknap Superior Court** as the location.
3. Select "I am filing into an existing case". Enter **211-2022-CV-00157** and click Next.
4. When you find the case, click on the link and follow the instructions on the screen. On the "What would you like to file?" screen, select "File a Response to Civil Complaint". Follow the instructions to complete your filing.
5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide. In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

File Date: 8/23/2022 9:44
Belknap Superior Co
E-Filed Docum

# The State of New Hampshire

**BELKNAP, SS.** **SUPERIOR COURT**

**JAY FORESTER**

**v.**

**ADP TOTALSOURCE, INC.**
211-2022-CV-00157

**DOCKET NO. ________________**

## PETITION FOR DECLARATORY JUDGMENT

**NOW COMES** Jay Forester, buy and through counsel, pursuant to RSA 491:22, and petitions for declaratory relief as follows:

## PARTIES

1. Jay Forester, petitioner, is an individual having a residential address of 24 Carol Court in Laconia, New Hampshire, 03246.
2. ADP TotalSource, Inc. ("ADP Insurance"), respondent, is an out of state health insurance company with an address and principal place of business at 501 Boylston Street in Boston, Massachusetts 02116 and a mailing address of P.O. Box 842357 in Boston, Massachusetts 02284. ADP Insurance is authorized to conduct business in the State of New Hampshire.

## FACTS

3. At all times relevant, petitioner had in full force and effect a health insurance policy issued by ADP Insurance, identified as policy numbers UHC-CP-BTUT-1000-80-Dal-FL77S and UHC-CP-AHLR-1000-80-Dal-FL80S.



This is a Service Document For Case: 211-2022-CV-00157
Belknap Superior Court

4. Petitioner originally had his health insurance through his employer sponsored group health coverage during his employment at Aligned Energy and had elected for coverage pursuant to COBRA rights beginning in September of 2019 when he retired.
5. Petitioner had made his health insurance COBRA payments on a monthly basis.
6. On February 1, 2021, the petitioner underwent orthopedic surgery to his knee to repair a torn meniscus at Florida Sports Injury & Orthopedic Institute in Clermont, Florida in conjunction with Orland Health. The medical facility had confirmed the health insurance coverage prior to scheduling the surgical procedure.
7. The medical providers submitted bills in the amount of $32,770.36 for Orlando Health and $2560.00 for Florida Sports Injury & Orthopedic Institute for the date of surgery and the petitioner paid his co-payment of approximately $3000.00 pursuant to his policy.
8. On March 9, 2021, following the receipt of the medical bills, ADP Insurance sent a letter to the petitioner indicating that his health insurance would terminate on January 31, 2021, due to "failure to pay premium(s) on time."
9. Orlando Health "adjusted" their billing for which the petitioner currently owes $13,376.00 and Florida Sports Injury & Orthopedic Institute has turned over $2196.00 to collections.
10. On August 25, 2021, the petitioner, through counsel, requested a copy of the policy from ADP Insurance; however, no response was received. Again, on December 20, 2021, the policy was requested through counsel and again, no response was received.
11. The petitioner asserts that on the date of his surgery he had in full force an effect health insurance coverage through ADP Insurance obligating the respondent to cover the medical charges incurred. Further, that the notice sent on March 9th, 2021, subsequent to the surgery date, does not alleviate the respondent's obligation to pay the medical bills pursuant to its policy with the petitioner.

**WHEREFORE**, Petitioner, Jay Forester, respectfully request the Honorable Court to rule, declare, and decree as follows:

A. That the ADP Health Insurance Policy issued to the plaintiff covers the outstanding

medical charges arising from the February 1, 2021, surgery;

B. Order ADP Insurance to pay the benefits guaranteed under the policy;

C. Award the petitioner his attorney's fees and costs as provided for under RSA 491:22 (I); and

D. Grant such other relief as the Court may deem to be just and equitable.

Respectfully submitted,
**Jay Forester**
By and through counsel,

August 23, 2022
Date

/s/ Brad Davis
Brad C. Davis, Esquire
Bar ID 16432
Davis | Hunt Law, PLLC
780 Central Street
Franklin, NH 03235
(603)671-5911

**Merrimack County Sheriff's Office**
DAVID A. CROFT
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600

ADP TOTALSOURCE, INC.
501 BOYLSTON ST
BOSTON, MA 02116

AFFIDAVIT OF SERVICE

MERRIMACK, SS. 09/ 13 /2022

I, DEPUTY HARRY J THORNLEY, this date at 1005 a.m./p.m., summoned the within named defendant ADP TOTALSOURCE, INC. as within commanded by leaving at the office of David Scanlan, Secretary of State of New Hampshire, its true and lawful Attorney for the service of process under, and by virtue of, Chapter 510:4, New Hampshire Revised Statutes Annotated, as amended, a true and attested copy of this Summons and Complaint, and I paid the Secretary of State ten ($10.00) dollars as his fee for accepting service.

FEES

| | |
|---|---|
| Service | $30.30 |
| Postage | 1.00 |
| Travel | 15.00 |
| PD to SOS | 10.00 |
| TOTAL | $56.30 |

DEPUTY HARRY J THORNLEY
Merrimack County Sheriff's Office

A TRUE COPY ATTEST:

Harry J. Thornley, Deputy Sheriff

**Merrimack County Sheriff's Office**
DAVID A. CROFT
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600

ADP TOTALSOURCE, INC.
501 BOYLSTON ST
BOSTON, MA 02116

AFFIDAVIT OF SERVICE

MERRIMACK, SS. 09/13/2022

I, DEPUTY HARRY J THORNLEY, this date at 1005 a.m./p.m., summoned the within named defendant ADP TOTALSOURCE, INC. as within commanded by leaving at the office of David Scanlan, Secretary of State of New Hampshire, its true and lawful Attorney for the service of process under, and by virtue of, Chapter 510:4, New Hampshire Revised Statutes Annotated, as amended, a true and attested copy of this Summons and Complaint, and I paid the Secretary of State ten ($10.00) dollars as his fee for accepting service.

FEES

| | |
|---|---|
| Service | $30.30 |
| Postage | 1.00 |
| [illegible] | 15.00 |
| [illegible]s | 10.00 |
| | [illegible]56.30 |

DEPUTY HARRY J THORNLEY
Merrimack County Sheriff's Office